J. A26007/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAURA M. POTORSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT D.J. POTORSKI, | : | No. 244 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Order Dated January 9, 2015,
in the Court of Common Pleas of Lackawanna County
Civil Division at No. 2006 FC 41640

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 09, 2015**

Appellant, Robert D.J. Potorski ("Husband"), appeals from the order of the trial court that dismissed his exceptions to the Master's Report and Recommendation in this divorce case.  In this appeal, Husband challenges the trial court's denial of his request seeking a downward modification of alimony due appellee, Laura M. Potorski ("Wife").  We affirm.

The relevant facts are as follows.  The parties were married on May 30, 1980, and separated in December of 2006.  A complaint in divorce was filed on January 3, 2007.  Paul Sotak, Esq., was appointed Master in Divorce in April of 2008.  Four Master's hearings were conducted in this case on the following dates:  February 27, 2009, May 29, 2009, April 20, 2011, and April 20, 2012.

---

* Senior Judge assigned to the Superior Court.

The trial court described what occurred at the May 29, 2009 hearing as follows:

> During the Master's hearing on May 29, 2009, the parities [sic] agreed on the record as follows:
>
>> [Husband] agrees to pay to [Wife] the current order of spousal support, entered [] September 8, 2008, according to its terms and conditions, for a period of one year. In the event that a divorce decree should enter, the spousal support award would be converted to an award of alimony . . . Upon the sale of the marital home and [Wife's] receipt of her distributive share of the proceeds, as provided, in both property settlement agreements, the Court may enter an award of alimony in [Wife's] favor in the amount of $7,000 per month until such time as she reaches age 62, and terminable upon her death, re-marriage or cohabitation with a member of the opposite sex, as prohibited by Section 2706 of the Divorce Code. The amount and duration of the alimony shall not be subject to any modification by [Wife]; however both the amount and duration of the alimony shall be subject to a downward modification by [Husband] upon proof of a substantial and material change in economic circumstances . . . But there needs to be a substantial change in his financial circumstances that would lead to a right to attempt to modify . . . And it could result as a result of [sic] health or any other circumstance not within his control. (H.T. 05/29/09, pp. 5 -7).
>
> Both parties stated under oath that they understood the terms of the agreement. (H.T. 05/29/09, pp. 11, 14-5).

> At the time of hearing, the only income information available to the Master as evidence was Husband's 2007 Tax Return, which showed an adjusted gross income of four hundred eighty seven thousand two hundred fifty dollars ($487,250.00). (Master's Report 07/24/12, pp. 3-4). Husband failed to provide any information of his 2008 or 2009 income at any time during the above referenced proceedings.

Trial court opinion, 3/31/15 at 2-3.

A divorce decree was entered on August 4, 2009. A third Master's hearing was held on April 20, 2011, where all economic issues were resolved except for the division of some miscellaneous personal property. On December 1, 2011, Husband filed a petition to modify alimony claiming that his earnings and earnings capacity have significantly decreased. The fourth Master's hearing was scheduled for April 20, 2012, to address the division of the remaining personal property and the modification of alimony. The parties agreed that the Master would retain jurisdiction over the alimony agreement.

Following the April 20, 2012 hearing, the Master issued his Report and Recommendations on July 24, 2012. In his report, the Master found that Husband did not demonstrate a change of circumstances warranting a downward modification of the alimony agreement. Specifically, the Master reviewed Husband's income for the following years:

                    2007 income - $487,250
                    2008 income - $739,990
                    2009 income - $644,122
                    2010 income - $623,756
                    2011 individual adjusted gross income - $548,290

As reflected above, Husband's income has continued to exceed the 2007 figure. Husband filed exceptions to the Report and Recommendations on August 8, 2012, and requested a hearing. In the meantime, Husband filed an appeal with this court regarding a separate contempt issue. As a result, a hearing could not be held until the record was returned to the trial court. On January 9, 2015, the trial court heard argument and dismissed Husband's exceptions. This appeal followed.[1]

Husband raises the following issue for our consideration:

> Where the parties agreed to a monthly alimony amount on May 29, 2009 and that [Husband] could later seek reduction if his income decreased, was it error of law for the court to use his 2007 income as the starting point for later calculation of any decrease in income?

Husband's brief at 4.

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is **de novo** and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.

---

[1] The trial court did not order Husband to file a statement of errors complained of on appeal pursuant to Rule 1925(b). The trial court's opinion addressed the issues raised in Husband's exceptions.

> When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion.

*Kraisinger v. Kraisinger*, 928 A.2d 333, 339 (Pa.Super. 2007) (citations and quotations omitted).

Husband argues the trial court erred when it used his 2007 income as a starting point for the determination of whether his income decreased after the May 29, 2009 alimony agreement. (Husband's brief at 8.) In light of the facts of record, the position taken by Husband has no merit.

According to the Master's Report, on February 20, 2009, Husband provided his 2007 individual tax return showing an adjusted gross income of $487,250. Husband was also to provide his 2008 W-2 but did not. (Master's Report, 7/24/12 at 3-4.) As such, the only income figure available to the parties at the May 29, 2009 Master's hearing when they reached their agreement of $7,000 per month in alimony was the 2007 income figure of $487,250. Interestingly, as we have already set out, the income figures for the years 2008 through 2011 are all greater than the year 2007.

By the very terms of the agreement Husband entered into, in order to modify, Husband has to prove not only a change in his economic circumstances but a "substantial and material change." (**See** notes of testimony, 5/29/09 at 6-7.) When Husband filed his petition to modify

alimony in December of 2011, his income or economic circumstances certainly appeared higher or better than any of the previous years in question. Simply put, Husband is hard-pressed to make a plausible argument that his alimony payments to Wife should be reduced.

Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2015